1

1  UNITED STATES DISTRICT COURT
   EASTERN DISTRICT OF NEW YORK
2  ------------------------------x
                                    24-CR-286(VMS)
3  UNITED STATES OF AMERICA
                                    United States Courthouse
4                                   Brooklyn, New York

          -against-
5                                   November 17, 2024
                                    1:20 p.m.
6  MICHAIL CHKHIKVISHVILI,

7           Defendant.

8  ------------------------------x

9            TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
              BEFORE THE HONORABLE VERA M. SCANLON
10               UNITED STATES MAGISTRATE JUDGE

11  APPEARANCES

12  For the Government:      UNITED STATES ATTORNEY'S OFFICE
                            Eastern District of New York
13                          271 Cadman Plaza East
                            Brooklyn, New York 11201
14                          BY:  NICHOLAS MOSCOW, ESQ.
                            Assistant United States Attorney
15

16  For the Defendant:      TAYLOR & COHEN LLP
                            305 Broadway - 7th Floor
17                          New York, New York 10007
                            BY:  ZACHARY STEWART TAYLOR, ESQ.
18

19  Also Present:           ERICA DOBIN, AGENT
                            NINA ADAR-TKACH, INTERPRETER
20

21
    Transcription Service:  LINDA D. DANELCZYK, RPR, CSR, CCR
22                          Phone:  (201)452-5143
                            Email:  LindaDan226@gmail.com
23

24
    Proceedings recorded by electronic sound recording,
25  transcript produced by transcription service.

PROCEEDING                        2

1            (In open court.)

2            THE COURTROOM DEPUTY:  This is a criminal cause for

3    a change of plea in USA v. Chkhikvishvili, Docket Number

4    24-CR-286.

5            Counsel, will you state your names for the record,

6    beginning with the government.

7            MR. MOSCOW:  Good afternoon, Your Honor.  Nick

8    Moscow for the United States.  Joining me at counsel table is

9    FBI Special Agent Erica Dobin.

10           AGENT DOBIN:  Good afternoon, Your Honor.

11           MR. TAYLOR:  Good afternoon, Your Honor.  Zachary

12   Taylor appearing for Michail Chkhikvishvili, who is seated to

13   my left, along with a Georgian interpreter.

14           THE COURT:  Okay.

15           All right, can we swear in the interpreter?

16           THE COURTROOM DEPUTY:  Please stand and raise your

17   right hand for the record.

18           (Whereupon, NINA ADAR-TKACH was sworn.)

19           THE INTERPRETER:  I do.

20           THE COURT:  All right.  I'm Judge Scanlon.  We're

21   here for this change of plea.

22           So let me first make sure that counsel have all the

23   same paperwork or have a copy of it.

24           So there is the indictment, which was filed with the

25   court on July 15th of 2024.

PROCEEDING                                      3

1          There is the plea agreement, which I've marked as

2    Court Exhibit 1.  I have the original here.

3          Then there's the element sheet that was prepared by

4    the government.

5          And then the consent to have the plea taken before a

6    magistrate judge, which we'll go over in a little bit.

7          All right, so for the government, you either have or

8    have you seen all those documents?

9          And same question for defense counsel.

10          (Court Exhibit 1, was received in evidence.)

11          MR. MOSCOW:  Yes, Your Honor.

12          MR. TAYLOR:  Yes, Your Honor.

13          THE COURT:  Okay.

14          All right, so for the government, are there victims

15    of these offenses; and if so, has the government notified them

16    of today's hearing and their right to attend and be heard?

17          MR. MOSCOW:  Your Honor, there are no statutory

18    victims, Your Honor, however, we have been in touch with the

19    victim in the case.

20          THE COURT:  Okay.  Do you expect anyone to want to

21    be heard today?

22          MR. MOSCOW:  No, Your Honor.

23          THE COURT:  Okay.

24          All right, so for the defendant, Mr. Chkhikvishvili,

25    I'm Judge Scanlon, Judge Amon asked me to help with this

PROCEEDING                        4

1   change of plea process.

2              My goal here is to make sure you understand all of

3   your rights and the consequences of your plea.

4              So for the interpreter, how do you want to -- are

5   you -- just stand by.

6              All right, defense counsel as well, how do you want

7   the interpreter to participate or?

8              MR. TAYLOR:  Yes, Judge, I think that makes the most

9   sense.

10             THE COURT:  All right.  You're competent of your

11  client's ability, knowledge and skill in English?

12             MR. TAYLOR:  I am.

13             THE COURT:  Okay.

14             All right, so then for the defendant, you have the

15  Georgian interpreter here.  If at any point you'd like to

16  switch to having the entire proceeding translated from English

17  to Georgian, you can just let us know and we'll do that.  If

18  you need to ask the interpreter to interpret particular words

19  or particular sentences, you can do that as well.

20             So we want to make sure you understand everything

21  that's being said here today.  Okay?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  Okay.

24             And just for everyone, we don't have an in-person

25  court reporter, I'm recording these proceedings, so it's very

PROCEEDING                             5

1    important that you answer out loud so that we get a recorded

2    answer.  And also if you don't mind, if you're speaking at

3    all, you make sure that you use the microphone.

4          So I think they're in a comfortable location, but if

5    you need to move it, feel free to do that, because it's really

6    the best way for us to get a good recording here.

7          Okay.  So as we go along today, Mr. Chkhikvishvili,

8    I need to provide you with information but also ask you some

9    questions.  I'm going to require that your answers be given

10   under oath, so I'm going to ask my deputy here to administer

11   an oath to you.

12         THE COURTROOM DEPUTY:  Please stand and raise your

13   right hand and state your name for the record.

14         THE DEFENDANT:  Michail Chkhikvishvili.

15         (Whereupon, **MICHAIL CHKHIKVISHVILI** was

16   sworn/affirmed.)

17         THE DEFENDANT:  I swear that all the information I

18   provide to the court be the truth.

19         THE COURT:  All right, thank you.  You can have a

20   seat and bring your hand down.

21         All right.  So do you understand that you have just

22   taken an oath.  Your answer to my questions are going to be

23   subject to the penalties of perjury or making a false

24   statement if you don't answer truthfully.

25         THE DEFENDANT:  Yes, Your Honor.

PROCEEDING                          6

1            THE COURT:  Counsel, do you want the whole thing to

2    be translated?  That was a fairly straightforward statement

3    and your client asked for a translation.  It's up to you.  I

4    just need to make sure that he really understands everything

5    that's being said and asked of him today.

6            MR. TAYLOR:  Give me a moment, Judge.

7            THE COURT:  Okay.  We're going to put the noise in

8    the background.

9            (Pause in the proceedings.)

10           MR. TAYLOR:  Judge, we can proceed the way that we

11   have been.  If there are some things that Mr. Chkhikvishvili

12   needs to translated, he will indicate to the interpreter.

13           THE COURT:  Okay.  I also need the record to show

14   when things are being interpreted so it's going to turn into a

15   choppy proceeding if we're going on and off.  If that's what

16   he wants, that's fine, but as I said earlier, having the whole

17   proceeding translated is also an option.

18           Okay, so for the defendant, I'm going to explain

19   that if you answer my questions falsely, the government could

20   decide to prosecute you for perjury or making a false

21   statement, and in such a prosecution use any of those false

22   statements that you make today.

23           Do you understand that?

24           THE DEFENDANT:  I do understand, Your Honor.

25           THE COURT:  Okay.

PROCEEDING                                7

1          All right.  So this case has been assigned to a

2    district judge, Judge Amon.  So Judge Amon is the judge who

3    will make the ultimate decision as to whether to accept your

4    guilty plea, and if she does, what your sentence should be.

5          You understand that?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  You have the absolute right to proceed

8    with this change of plea hearing before Judge Amon, if you

9    would like.

10          As an alternative, I can handle this change of plea

11    hearing, and the process is, as I mentioned earlier, that

12    we're recording everything that's being taken down here, and

13    when we're finished here, we will have a court reporter

14    transcribe everything that's recorded.  The transcript will be

15    provided to Judge Amon, and she'll read it in connection with

16    deciding whether to accept your plea, and if she does, with

17    your sentence.

18          Do you understand that process?

19          THE DEFENDANT:  I do, Your Honor.

20          THE COURT:  Do you wish to give up your right to

21    have the district judge hear your plea and instead proceed

22    before me?

23          THE INTERPRETER:  I'm sorry, Your Honor.

24          THE COURT:  All right.  Do you wish to give up your

25    right to have the district judge hear your plea and instead

PROCEEDING                    8

1    proceed here before me, which is being translated.

2             Let me just tell you.  At any time you need to talk

3    to your lawyer, it's completely fine, I'll explain that in a

4    little bit more in a few minutes.

5             I'm going to just put the noise on so I don't hear

6    your conversation.

7             (Pause in the proceedings.)

8             THE DEFENDANT:  Your Honor.

9             THE COURT:  Yes.

10            THE DEFENDANT:  I waive my right to proceed for this

11   at this point today.

12            THE COURT:  Okay, so let me just make sure it's

13   totally clear.

14            Your case is generally moving ahead before a

15   district judge -- go ahead -- who's a different kind of judge

16   from me.  It's a very discrete part of your overall case.  And

17   I'm repeating a little bit of what I said earlier, but just to

18   make sure it's clear.

19            We're recording everything that's being said, and

20   when this proceeding is over, we will have a court reporter

21   transcribe, type up, everything that is said in this

22   proceeding, and then the complete transcript of the

23   proceedings will be provided to Judge Amon.

24            Judge Amon will read it, a transcript, in connection

25   with deciding whether she thinks your plea is satisfactory and

PROCEEDING                          9

1    whether she wants to accept it.  And if she accepts the plea,

2    which I'll explain a lot more about the plea in a few minutes,

3    but if she accepts the plea, then Judge Amon will be the judge

4    who sentences you.

5            So you could do what we're doing here today in front

6    of Judge Amon, or you can agree that I can conduct this part

7    of the proceeding.  And as I said, we'll record it and then

8    have it transcribed, and Judge Amon will read the transcript.

9            All right.  So do you understand the process?

10           THE DEFENDANT:  I do, Your Honor.

11           THE COURT:  Okay.  And just so we're clear, you can

12   have the translation and you can answer in English, or you can

13   have the translator translate -- have the interpreter

14   translate your answer, whichever way you want to go.

15           Okay.  So do you wish to give up your right to have

16   the district judge, Judge Amon, hear your plea and instead

17   proceed here before me?

18           Okay, sorry, just to make this -- the logistics of

19   this are a little bit difficult.  If you're going to answer

20   with the assistance of the interpreter, which is completely

21   fine, the microphone should be closer to the interpreter so we

22   can pick up her answer.

23           THE INTERPRETER:  Yes, Your Honor.

24           THE COURT:  Okay.  So did you have a sufficient

25   opportunity to discuss this decision with your attorney?

1          THE DEFENDANT:  I have, Your Honor.

2          THE COURT:  Okay.

3          And did you, in fact, discuss it with your attorney?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  And are you deciding to proceed before

6   me voluntarily and of your own free will?

7          THE DEFENDANT:  Yes, this is all voluntarily.

8          THE COURT:  And did anyone threatened you or make

9   any promises to get you to --

10          THE DEFENDANT:  No one has threatened me, Your

11  Honor.

12          THE COURT:  It's a little bit of a longer question.

13          Did anyone threaten you or make any promises to you

14  to get you to agree to proceed before me here today?

15          THE DEFENDANT:  No one has threatened me, Your

16  Honor, or told me that give me any promises.  I understand and

17  I did voluntarily.

18          THE COURT:  Okay.  So I have this piece of paper

19  which says "Consent to Have a Plea Taken Before a United

20  States Magistrate Judge".  This paper is written in English.

21          Did you read this paper?

22          THE DEFENDANT:  I read this paper, Your Honor.

23          THE COURT:  Do you understand it?

24          THE DEFENDANT:  I did, yes.

25          THE COURT:  And did review it with your attorney?

PROCEEDING                    11

1          THE DEFENDANT:  I did review this paper with my

2    attorney.

3          THE COURT:  And did you have a sufficient

4    opportunity to consult with your attorney?

5          Just about this paper.

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  Okay.

8          Do you agree with what the form says?

9          THE DEFENDANT:  Yes, Your Honor.

10         THE COURT:  And did you sign the form?

11         THE DEFENDANT:  I did, Your Honor.

12         THE COURT:  And defense counsel, did you sign?

13         MR. TAYLOR:  Yes, Your Honor.

14         THE COURT:  Okay.

15         And then to the government.

16         MR. MOSCOW:  I signed as well, Your Honor.

17         THE COURT:  Okay.

18         All right.  So based on what's been said here today

19   by the lawyers, and by the defendant, I believe the defendant

20   understands his rights with regard to agreeing to proceed

21   before me rather than a district judge, and that that decision

22   is knowingly and voluntarily made.  So I'm also signing the

23   form, and we're going to file that with the clerk's office

24   later today.

25         All right.  So before accepting your plea, the

PROCEEDING                    12

1    district judge accepting your plea, there's a number of

2    questions that we need to ask in order to assure myself and in

3    turn Judge Amon that your plea is a valid plea.  As we go

4    along today, if you don't understand my questions, please let

5    me know and I'll try to clarify them.

6              And also, and I said this earlier and I will explain

7    it a little bit more later on, but if at any point you need to

8    speak with your attorney, you can let me know and we'll give

9    you that opportunity.  And if you need the assistance of the

10   interpreter in having that conversation, we'll make that

11   possible as well.  Okay?

12             THE DEFENDANT:  Thank you, Your Honor.

13             THE COURT:  All right.  So for the record, what's

14   your full name?

15             THE DEFENDANT:  It's Michail Chkhikvishvili.

16             THE COURT:  And how old are you?

17             THE DEFENDANT:  I'm 22 years old.

18             THE COURT:  And what's the highest level of

19   education that you've achieved?

20             THE DEFENDANT:  I have high school education.

21             THE COURT:  And where did you go to high school?

22             THE DEFENDANT:  I went to high school in the

23   Republic of Georgia.

24             THE COURT:  And did you graduate from high school?

25             THE DEFENDANT:  I did, Your Honor.

PROCEEDING                13

1        THE COURT:  And approximately when did you graduate?

2        THE DEFENDANT:  Approximately 2021.

3        THE COURT:  All right.  And since 2021, have you had

4   any other formal education?

5        THE DEFENDANT:  I went to the college, but then I

6   prevented my education.  I had started the process of my

7   education.

8        THE COURT:  And how long -- sorry.  How long did you

9   go to college?

10       THE DEFENDANT:  It was not for a long, like a few

11  months.

12       THE COURT:  Okay.  And what were you studying in

13  college?

14       THE DEFENDANT:  Business administration.

15       THE COURT:  Okay.  All right.

16       A different kind of question.  Are you presently or

17  have you recently been under the care of a doctor?

18       THE DEFENDANT:  At the moment, I have not went to a

19  doctor.

20       THE COURT:  In the last couple of months, have you

21  seen a doctor?

22       THE DEFENDANT:  I've seen, yes.

23       THE COURT:  And were you treated for any medical

24  condition?

25       THE DEFENDANT:  I've been treated with

PROCEEDING                          14

1   antidepressants.

2           THE COURT:  Okay, so I'll ask you a follow-up

3   question about that in a minute.

4           Have you had any physical conditions that were

5   treated?

6           THE DEFENDANT:  I don't recall whether any physical

7   treatment.  I mean, no.

8           THE COURT:  Okay.  So did you see a mental health

9   professional?

10          THE DEFENDANT:  I was seeing psychologists at MDC in

11  Brooklyn.  We have many discussion before, and they prescribed

12  me medication.

13          THE COURT:  Okay.  Do you know the name of the

14  medication or medications that you're taking?

15          THE DEFENDANT:  I remember the medication.  I don't

16  take it any more.  The name of the medication is Sertraline.

17          THE COURT:  And how long did you take the medicine

18  for?

19          THE DEFENDANT:  For one month.

20          THE COURT:  And when did you stop taking it?

21          THE DEFENDANT:  So they raised my dosage of

22  medicine, so it was very heavy for me, and I stopped taking

23  this medicine recently.

24          THE COURT:  Like yesterday, a week ago, a couple --

25          THE DEFENDANT:  Approximately two weeks ago.

PROCEEDING                           15

1          THE COURT:  Okay.  And are you having -- did you

2    have any withdrawal symptoms from stoping taking the medicine?

3          THE DEFENDANT:  I have a bit of insomnia, but

4    everything is fine.

5          THE COURT:  Are you okay now?

6          THE DEFENDANT:  Yes, Your Honor.  Thank you.

7          THE COURT:  Are you suffering from depression now,

8    do you think?

9          THE DEFENDANT:  I'm trying to cope with it by doing

10   good stuff, going to church, working out.  I'm trying to do

11   better for my life.

12         THE COURT:  Have you consulted with any of the

13   mental health professionals since you stopped taking the

14   medicine?

15         THE DEFENDANT:  Yes, I've spoken to a doctor over

16   video call, but I don't remember the name of the doctor.

17         THE COURT:  And when was that?

18         THE DEFENDANT:  Approximately one week.  She was

19   asking me questions like why I stopped taking the medication.

20   And I said I don't want it take it any more.

21         THE COURT:  Did she prescribe a different

22   medication?

23         THE DEFENDANT:  No, she did not.

24         THE COURT:  Did she make any suggestions with regard

25   to your care?

PROCEEDING                                16

1          THE DEFENDANT:  She made suggestions, but I told her

2     that I'm feeling pretty well and I don't think I need it any

3     more.

4          THE COURT:  Okay.

5          Are you feeling well enough to participate in this

6     change of plea hearing?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  Do you understand what's going on here?

9          THE DEFENDANT:  I do, Your Honor.

10          THE COURT:  All right.  And have you been well

11     enough to have informed conversations with your attorney about

12     your case?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  Okay.

15          All right.  In the past, have you ever been

16     hospitalized or treated for a mental health condition, besides

17     what you just mentioned?

18          THE DEFENDANT:  I've been only just going on

19     therapy.  I have not went to hospital or any place like that,

20     just private therapy.

21          THE COURT:  And did you have a diagnosis when you

22     were going to private therapy?

23          THE DEFENDANT:  Diagnosis was depression and

24     anxiety.

25          THE COURT:  All right.

PROCEEDING                    17

1          And when were you going for the private therapy?

2          THE DEFENDANT:  I was 17 years old.

3          THE COURT:  And how long did you see the therapist

4    for, a therapist?

5          THE DEFENDANT:  Approximately six months.

6          THE COURT:  And was it your decision to end the

7    therapy, or was it a joint decision with your therapist?

8          THE DEFENDANT:  It was a joint decision.

9          THE COURT:  Okay.

10         All right.  This is a different kind of question.

11         Have you taken any medicine in the last 24 hours?

12         THE DEFENDANT:  No, Your Honor.

13         THE COURT:  Have you taken any alcohol in the last

14   24 hours?

15         THE DEFENDANT:  No, Your Honor.

16         THE COURT:  And have you taken any narcotic drugs in

17   the last 24 hours?

18         THE DEFENDANT:  No, Your Honor.

19         THE COURT:  Have you ever been hospitalized or

20   treated for a drug addiction or alcoholism?

21         THE DEFENDANT:  No, Your Honor.

22         THE COURT:  Besides the -- sorry, besides the

23   depression and related treatment that we just discussed, have

24   you ever been treated or hospitalized for any mental or

25   emotional problems?

PROCEEDING                    18

1              THE DEFENDANT:  No, Your Honor.

2              THE COURT:  Okay.

3          So is your mind clear as you sit here today?

4              THE DEFENDANT:  Yes, Your Honor.

5              THE COURT:  And do you understand everything that's

6     going on here?

7              THE DEFENDANT:  I do, Your Honor.

8              THE COURT:  All right.  Let me ask your lawyer some

9     questions.

10             Counsel, do you have any concerns as to your

11    client's mental health and his ability to knowingly and

12    voluntarily participate in today's proceedings?

13             MR. TAYLOR:  I have no concerns regarding his

14    ability to participate in today's proceedings.

15             THE COURT:  All right.  And do you have any concerns

16    with regard to him having ceased taking the depression

17    medicine?

18             MR. TAYLOR:  I don't have any concerns in relation

19    to today's proceedings, no.

20             THE COURT:  Generally?

21             MR. TAYLOR:  I mean I'm not -- I'm not a doctor or

22    mental health professional.  But when I hear something like

23    that, then obviously it's an issue, let's say.

24             THE COURT:  Okay.  So the reason I'm asking all

25    these questions is to make sure that you, the defendant, are

PROCEEDING                              19

1    physically and mentally well enough to make an informed and

2    voluntary decision with regard to the change of plea.

3              So for this, counsel, do you have any concerns as to

4    any limitation with regard to your client's ability to fully

5    participate in this proceeding?

6              MR. TAYLOR:  I have no concerns, Your Honor.

7              THE COURT:  Okay.

8              All right.  To the defendant.

9              As a defendant in a criminal case, you have the

10   right to be represented by an attorney at every stage of your

11   criminal case.

12             All right.  And for the interpreter, if I'm speaking

13   too quickly or to many paragraphs, you can let me know and

14   I'll try to break it up.

15             THE INTERPRETER:  I will, Your Honor.

16             THE COURT:  All right, so you have the right to

17   counsel from the beginning of your case when you were arrested

18   through your trial and appeal.  And if you can't afford an

19   attorney, the court will appoint an attorney to represent you.

20             All right, counsel, are you retained or appointed?

21             MR. TAYLOR:  I'm appointed, Your Honor.

22             THE COURT:  Okay.

23             And then for the defendant, do you know who your

24   attorney is here in today's proceeding?

25             THE DEFENDANT:  I do, Your Honor.

PROCEEDING                          20

```
 1              THE COURT:  What's his name?

 2              THE DEFENDANT:  Zachary Taylor.

 3              THE COURT:  Okay.  If at any time you wish to

 4    consult with Mr. Taylor regarding anything, just let me know

 5    and I'll let you do so, okay.

 6              THE DEFENDANT:  Thank you, Your Honor.

 7              THE COURT:  All right.

 8         Sir, do you have any difficulty communicating with

 9    Mr. Taylor directly or through an -- well, sorry.

10         Have you had any difficulty communicating with

11    Mr. Taylor?

12              THE DEFENDANT:  Not at all, Your Honor.

13              THE COURT:  And have you used the services of an

14    interpreter in any of your conversations with Mr. Taylor?

15              THE DEFENDANT:  Your Honor, I usually would just try

16    to find language to speak with him.

17              THE COURT:  Okay.  But do you think you have had any

18    difficulties or miscommunications because you didn't have the

19    services with an interpreter?

20              THE DEFENDANT:  I don't think I have any difficulty.

21              THE COURT:  All right.  So are you competent that

22    you've understood everything that your attorney has explained

23    to you about your case?

24              THE DEFENDANT:  I'm confident, Your Honor.

25              THE COURT:  Okay.
```

PROCEEDING                    21

1           And, counsel, have you had any difficulty

2    communicating with your client?

3           MR. TAYLOR:  No, Your Honor.

4           And I have retained a Georgian-speaking paralegal

5    for this case.

6           THE COURT:  All right.

7           And has that Georgian-speaking paralegal

8    participated in conversations with your client about the case?

9           MR. TAYLOR:  Yes, Your Honor.

10          THE COURT:  Okay.  So in the conversations between

11   the defendant and counsel, did the Georgian-speaking paralegal

12   interpret from English to Georgian and Georgian to English?

13          MR. TAYLOR:  Not in a formal sense, no.  She's --

14   she's there and able to translate anything that's necessary.

15          THE COURT:  Okay.  So same question for the counsel

16   and the defendant.

17          Do you have any concerns as to whether you were

18   fully able to participate in the consultation about the case

19   because you were doing it primarily in English and not in

20   Georgian.

21          For defense counsel?

22          THE DEFENDANT:  Your Honor, I think I can

23   participate in this proceeding.

24          THE COURT:  How about all of the preparation for the

25   case?  Are you comfortable that you were fully able to

PROCEEDING                                22

1    participate through English rather than in Georgian?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  Okay.

4              And, defense counsel, same question.

5              MR. TAYLOR:  Yes, we've been able to communicate.

6              THE COURT:  Okay.  All right, for the defendant,

7    have you had enough time to discuss with your attorney the

8    decision to enter a guilty plea in this case?

9              THE DEFENDANT:  Yes, Your Honor, I had enough time

10   to discuss this plea agreement with my lawyer.

11             THE COURT:  And entering a guilty plea, which is

12   slightly different?

13             THE DEFENDANT:  Yes, Your Honor, I understand.

14             THE COURT:  Okay, so the question is:  Have you had

15   enough time to discuss with your attorney the decision to

16   enter a guilty plea in this case?

17             THE DEFENDANT:  I have enough time to discuss with

18   my attorney about entering a plea.

19             THE COURT:  Okay.  And are you fully satisfied with

20   the representation and advice that Mr. Taylor has provided for

21   you in this case?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  All right.  Counsel, have you discussed

24   the entire case with your client?

25             MR. TAYLOR:  Yes, Your Honor.

PROCEEDING                          23

1          THE COURT:  And are you satisfied that he

2    understands the rights that he'll be waiving if he decides to

3    go ahead with the guilty plea?

4          MR. TAYLOR:  I am.

5          THE COURT:  In your opinion, is the defendant

6    capable of understanding the nature of these proceedings?

7          MR. TAYLOR:  Yes, he is.

8          THE COURT:  Do you have any doubt as to his

9    competence to plead at this time?

10         MR. TAYLOR:  I do not, Your Honor.

11         THE COURT:  Have you discussed with him the possible

12   steps to the consequences of entering a guilty plea?

13         MR. TAYLOR:  I have.

14         THE COURT:  Have you discussed with him the maximum

15   and minimum sentence and other possible statutory penalties

16   that may be imposed as a result of the guilty plea?

17         MR. TAYLOR:  Yes, Your Honor.

18         THE COURT:  Have you discussed with him the

19   operation of the sentencing guidelines in his case?

20         MR. TAYLOR:  Yes, I have.

21         THE COURT:  And do you believe he understood

22   everything that you explained with regard to sentencing?

23         MR. TAYLOR:  Yes, I believe he has.

24         THE COURT:  Okay.

25         So the charge from the government -- from the grand

PROCEEDING                        24

1    jury, rather, is set forth in the document called the

2    "Indictment".  I mentioned it earlier.  It's the document that

3    was filed in the court's docket in July of 2024.

4                THE DEFENDANT:  Yes, Your Honor, I reviewed the

5    documents.

6                THE COURT:  Okay, so this document is in English.

7                Was it translated for you into Georgian?

8                THE DEFENDANT:  The paralegal that is Georgian, she

9    translated and explained all the factors to me.

10               THE COURT:  Okay.  And did you read the document in

11   English as well?

12               THE DEFENDANT:  I read the document in English, yes.

13               THE COURT:  Okay.  So the indictment has Count One,

14   the conspiracy to solicit violent felonies, and then it

15   describes alleged overt acts.

16               It includes Count Two, solicitation of violent

17   felonies.

18               Count Three, distribution of information pertaining

19   to the making and use of an explosive device.

20               Count Four, transmission of threatening

21   communications.

22               And then it includes criminal forfeiture

23   allegations.

24               Defense counsel, do you want me to read the

25   indictment aloud?

PROCEEDING                    25

1         MR. TAYLOR:  We waive its public reading, Your

2    Honor.

3         THE COURT:  Okay.  So for the defendant, did you

4    review the charges against you with your attorney?

5         THE DEFENDANT:  Yes, Your Honor, I reviewed the

6    charges.

7         THE COURT:  And did you discuss with your attorney

8    what it is the government would have to prove beyond a

9    reasonable doubt with respect to each of the charges in the

10   indictment in order for you to be convicted of each charge?

11        THE DEFENDANT:  Yes, Your Honor.

12        THE COURT:  Okay.  I'm going to ask the government

13   to state on the record the elements of the counts to which

14   it's proposed that you're going to plead guilty.  Those are

15   Counts Two and Three of the indictment.

16        So the government has outlined these elements in the

17   element sheet.  I'm just going to ask the government to state

18   the elements on the record.

19        So, Mr. Moscow.

20        MR. MOSCOW:  Thank you, Your Honor.

21        As to Count Two, the elements are:  First, that the

22   defendant solicited and used or otherwise tried to persuade

23   another person to commit:  First, hate crime acts in violation

24   of 18, United States Code, Section 249(a)(1)(B); and second,

25   transporting an explosive device with the intent to injure or

PROCEEDING                                    26

1    kill in violation of 18, United States Code, Section 844(D).

2             And second, that the defendant intended that another

3    person would commit:  One, the hate crime acts; and, two,

4    transporting an explosive device with intent to injure or

5    kill.

6             It has as elements the use, attempted use or

7    threatened use of physical force against a person or property

8    of another under circumstances that corroborative of that

9    intent.

10            The elements are --

11            THE COURT:  I'm sorry one second.

12            MR. MOSCOW:  Yes, Your Honor.

13            THE COURT:  Sorry, can I interrupt for one second?

14            MR. MOSCOW:  Yes, Your Honor.

15            THE COURT:  I'm looking at the elements sheet, I

16   think you skipped one word.

17            MR. MOSCOW:  Strongly corroborative.

18            THE COURT:  Sorry, this is back.

19            So it's:  The defendant solicited, commanded,

20   induced or otherwise tried to persuade another person.  I

21   think you skipped "commanded".

22            MR. MOSCOW:  Yes, Your Honor.  And realistically any

23   one of those would suffice in that context, but maybe there's

24   another way of achieving the same result.

25            THE COURT:  Okay.

PROCEEDING                    27

1          MR. MOSCOW:  As to the second, Count Three, the

2    elements of 18, United States Code, Section 842(p)(2)(A) are:

3    First, that the defendant distributed by any use information

4    pertaining to, in whole or in part, the manufacture or use of

5    an explosive destructive device or weapon of mass destruction.

6          And second, that the defendant intended that this

7    information could be used for, or in furtherance of, an

8    activity that constitutes federal crime of violence; that is;

9    a crime that has as its own it's the use, intended use or

10   threatened use of physical force against a person or property

11   of another.

12          THE COURT:  Okay.  So to defense counsel, did the

13   government correctly state the elements of the offenses?

14          MR. TAYLOR:  Yes, Your Honor.

15          THE COURT:  Okay.

16          And did you review these elements with your client?

17          MR. TAYLOR:  Yes, I did.

18          THE COURT:  And do you believe he understands what

19   it is that the government would have to prove beyond a

20   reasonable doubt in order for him to be convicted of the

21   offense?

22          MR. TAYLOR:  I do.

23          THE COURT:  Okay.

24          All right, for the defendant.

25          Do you understand the elements of the offenses as

PROCEEDING                28

1    stated by the government?

2              THE DEFENDANT:  Yes, Your Honor, I do.

3              THE COURT:  Did you review the elements with your

4    attorney?

5              THE DEFENDANT:  I did, Your Honor.

6              THE COURT:  Okay.

7              And did you understand everything he said with

8    regard to the elements?

9              THE DEFENDANT:  I do, Your Honor.

10             THE COURT:  Okay.  All right.

11             To the government.

12             Did you provide discovery to the defense?

13             MR. MOSCOW:  Yes, Your Honor.

14             THE COURT:  Okay.

15             Now I'm going to ask government to state the

16   evidence that the government would offer at trial in order to

17   establish the elements of the offenses to which it's proposed

18   that the defendant is going to plead guilty, which are

19   Counts Two and Three of the indictment charging violations of

20   federal law 18, United States Code, Sections 373 and

21   842(p)(2)(A).

22             All right, the government.

23             MR. MOSCOW:  Thank you, Your Honor.

24             Just by way of background, there's a lot of evidence

25   in this case, and I will summarize some of it, but this is not

PROCEEDING                              29

1    meant to be exhaustive.

2              THE COURT:  Yes.

3              MR. MOSCOW:  The evidence would include extensive

4    communications with a co-conspirator named Nicholas Welker,

5    W-E-L-K-E-R, about soliciting hate crimes.  Welker was

6    previously convicted here in the Eastern District.

7              It would also include extensive communications with

8    a law enforcement officer, some of which were found on the

9    phone seized from this defendant incident to his arrest

10   overseas.

11             The evidence would include his posts on social

12   media, including his Instagram account.

13             He offered a hater's handbook, which calls for acts

14   of violence, such as school shootings.  And there is extensive

15   attribution evidence linking the defendant to messaging his

16   social media accounts used during the offense conduct.

17             Some of that evidence includes a lengthy *Mirandized*

18   post-arrest interview with FBI agents, during which the

19   defendant admitted to his conduct and to the use of all of the

20   above identified accounts.

21             The defendant confirmed his affiliation with MKY.

22   Confirmed his use of the Commander Butcher alias, and his

23   involvement in drafting and the distributing the hater's

24   handbook, which he said was intended to inspire people to

25   commit acts of hate.

PROCEEDING                                30

1          He confirmed that the relevant accounts and user

2     names belong to him and that he was the one communicating with

3     Welker and with the law enforcement agent, including sending

4     the law enforcement officer bomb-making and poison-making

5     instructions, and advising the officer on the planned attack

6     in New York City, which the defendant said was intended to

7     target Jewish people and other minority groups.

8          There is other evidence, Your Honor, but in the

9     interest of expedience, we'll leave it there.

10          THE COURT:  All right.

11          So for defense counsel:  Did you review the

12     discovery produced by the government?

13          MR. TAYLOR:  Yes, Your Honor.

14          THE COURT:  And do you believe -- I'm sorry.  Did

15     you review that with your client?

16          MR. TAYLOR:  I did.

17          THE COURT:  And do you believe your client

18     understood the application of the elements to the evidence

19     that the government just said that it would offer at trial?

20          MR. TAYLOR:  Yes, Your Honor.

21          THE COURT:  Okay.

22          All right.  Do you believe government would be able

23     to establish the elements of the offenses to which it's

24     proposed that your client is going to plead guilty based on

25     the evidence just described by the Assistant United States

PROCEEDING                    31

1   Attorney?

2            MR. TAYLOR:  Yes, I do.

3            THE COURT:  And do you believe your client

4   understands the application of the elements to the specific

5   evidence described by the government?

6            MR. TAYLOR:  Yes, I do.

7            THE COURT:  All right.

8            For the defendant:  Do you understand the elements

9   stated by the government?

10           THE DEFENDANT:  Yes, Your Honor.

11           THE COURT:  Do you understand the application of the

12   elements to the evidence described by the government?

13           THE DEFENDANT:  Yes, Your Honor.

14           THE COURT:  Did you have a sufficient opportunity to

15   review the discovery produced by the government?

16           THE DEFENDANT:  Yes, Your Honor.

17           THE COURT:  And did you have a sufficient

18   opportunity to discuss with your attorney the applications of

19   the elements to the evidence -- sorry, to the discovery

20   produced by the government?

21           THE DEFENDANT:  Yes, Your Honor.

22           THE COURT:  Okay.  Just to go back and ask you

23   again.

24           Do you understand the charges against you?

25           THE DEFENDANT:  Yes, Your Honor.

PROCEEDING                                    32

1          THE COURT:  Do you understand what the government

2     would have to prove in order to convict you of these charges?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  And did you have a sufficient

5     opportunity to discuss the evidence against you with your

6     attorney?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  And did you have any difficulty

9     communicating with your attorney about any of the topics that

10    I've just been asking you about?

11         THE DEFENDANT:  I do not have any difficulties

12    communicating with my attorney.

13         THE COURT:  Okay.

14         All right, I'm going to switch gears and now I'm

15    going to provide you with some information about your rights

16    in a criminal case.  So you would be giving up these rights if

17    you decide to go ahead or proceed with your plea of guilty.

18         First, you have the right to persist in a plea of

19    not guilty.

20         Do you understand?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  Even if you are guilty, you have a

23    choice.  It's up to you to decide what to do in your case.

24    It's not your lawyer's decision, your family's decision or

25    anyone else's decision.

PROCEEDING                                    33

1          You can withdraw your previously-entered plea of not

2   guilty and change your plea to one of guilty, as I'm told you

3   wish to do, or you can choose to go to trial.  If you'd like

4   to go to trial, you would simply persist in your plea of not

5   guilty.

6          Do you understand?

7          THE DEFENDANT:  I understand, Your Honor.

8          THE COURT:  If you persist in your plea of not

9   guilty to the charges against you, you would have the right

10  under the U.S. Constitution and the laws of the United States

11  to a speedy and public trial by a jury with the assistance of

12  your lawyer on the charges contained in the indictment.

13         Do you understand?

14         THE DEFENDANT:  I do understand, Your Honor.

15         (Interruption.)

16         THE COURT:  Tell us when you're ready.

17         Are you good?

18         All right.  So if you were to go to trial, at that

19  trial you would be presumed to be innocent.  You wouldn't have

20  to prove your innocence.  Under the American legal system, the

21  government has to the burden to prove beyond a reasonable

22  doubt that a defendant is guilty of the crimes charged.

23         And if at that trial the government failed to meet

24  its burden of proof as to any particular charge, the jury

25  would have the duty to find you not guilty as to that charge.

PROCEEDING                    34

1          Do you understand?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  So you should know that juries have

4   sometimes returned verdicts of not guilty, even though the

5   jurors believed the defendant on trial had probably committed

6   the crimes charged.

7          What the jury is saying in returning a not guilty

8   verdict, is not that they necessarily believe the defendant to

9   be innocent, rather they were saying they were not convinced

10  beyond a reasonable doubt of the defendant's guilt.

11         Do you understand the distinction?

12         THE DEFENDANT:  I do understand, Your Honor.

13         THE COURT:  All right.

14         If you were to go to trial, witnesses for the

15  government would have to come in to court and testify in your

16  presence.  Your attorney could cross-examine each of those

17  witnesses.  Your attorney could object to the evidence offered

18  by the government.  Your attorney could offer evidence on your

19  behalf.  Your attorney could subpoena or compel witnesses to

20  come to court and testify.

21         Do you understand?

22         THE DEFENDANT:  I understand, Your Honor.

23         THE COURT:  All right.  At that trial, you would

24  have the right to testify on your own behalf, if you wanted to

25  do so.  You couldn't be forced to testify if you didn't want

PROCEEDING                    35

1   to do so.  Under the Constitution and laws of the United

2   States, no one can be forced to be a witness against himself.

3          So if you had a trial and you didn't want to

4   testify, the district judge, in your case Judge Amon, would

5   instruct the jurors that the jurors could not hold that fact

6   against you.

7          Do you understand?

8          THE DEFENDANT:  I do understand, Your Honor.

9          THE COURT:  All right.  If you decide not to go to

10  trial and instead plead guilty to the two counts, and if the

11  judge accepts your plea, you are giving up your constitutional

12  right to a trial and all of the other rights that I've just

13  described.  There won't be a trial in your case, instead the

14  judge will simply enter a judgment of guilty based upon your

15  guilty plea.

16         Do you understand?

17         THE DEFENDANT:  I do understand, Your Honor.

18         THE COURT:  If you plead guilty, I'm going to have

19  to ask you questions about what you did in order to satisfy

20  myself, and in turn Judge Amon, that you are, in fact, guilty

21  of the crimes to which you plead guilty.

22         You're going to have to answer my questions and

23  acknowledge your guilt.  You'll be answering those questions

24  pursuant to the oath that you took earlier.  And in doing so,

25  you'll be giving up your right not to testify against

PROCEEDING                          36

1    yourself.

2              Do you understand?

3              THE DEFENDANT:  I understand, Your Honor.

4              THE COURT:  All right.  If you enter a guilty plea

5    today and admit the criminal conduct alleged in the two

6    counts, and the district judge accepts your plea, you won't be

7    able to appeal to a higher court the question of whether you

8    committed these crimes.  That question will be resolved by

9    your guilty plea.

10             Do you understand?

11             THE DEFENDANT:  I do understand, Your Honor.

12             THE COURT:  Are you willing to give up your right to

13   a trial and all other rights that I just discussed?

14             THE DEFENDANT:  Yes, Your Honor.

15             THE COURT:  All right.  Again, switching gears a

16   little bit.

17             I have here the plea agreement.  I've marked it as

18   Court Exhibit 1.  So I will refer to it as the plea agreement

19   or Court Exhibit 1.  I'm turning first to the last page of the

20   document.

21             In the middle of the last page it says the

22   following:  I have read the entire agreement and discussed it

23   with my attorney.  I understand all of its terms and am

24   entering into it knowingly and voluntarily.

25             Are those two sentences correct?

PROCEEDING                           37

1            THE DEFENDANT:  Yes, Your Honor.

2            THE COURT:  All right.  So this document, Court

3    Exhibit 1, is written in English.

4            Did you read it in English?

5            THE DEFENDANT:  I read it in English, yeah, but I

6    also discussed it with the Georgian paralegal here.

7            THE COURT:  Okay.  Did she translate it for you?

8            THE DEFENDANT:  Yes, Your Honor.

9            THE COURT:  From -- sorry, I should ask more

10   clearly.  Did she translate it for you from English to

11   Georgian?

12           THE DEFENDANT:  Yes, Your Honor.

13           THE COURT:  Okay.

14           And on this form it has a signature right below the

15   two sentences that I read.

16           Is that your signature?

17           THE DEFENDANT:  Yes, Your Honor.

18           THE COURT:  All right.

19           And defense counsel, Mr. Taylor, is that your

20   signature?

21           MR. TAYLOR:  Yes, Your Honor.

22           THE COURT:  All right.  So there's a line that says

23   "translated by" but it's not filled in.

24           So do you know the name of the person who did the

25   translation?  The paralegal?  Sorry, that's to defense

PROCEEDING                    38

1   counsel.

2           MR. TAYLOR:  Yes, I do.  This document is obviously

3   in English.

4           THE COURT:  Yes.

5           MR. TAYLOR:  Do you want me to give you the name of

6   the paralegal?

7           THE COURT:  If you have it, yes.

8           MR. TAYLOR:  Yes, I do.  Just I'm going to need to

9   refer to my documents so I don't misspell the last name.

10          THE COURT:  Okay.

11          MR. TAYLOR:  So her name is Nato Chelidze.  I'm

12  probably saying that incorrectly.  It's C-H-E-L-I-D, as in

13  David, Z as in zebra, E.

14          THE COURT:  And then how about the first name?

15          MR. TAYLOR:  Nato, N-A-T-O.

16          THE COURT:  Okay.  All right.

17          And can you confirm that she translated this plea

18  agreement, Court Exhibit 1, from English to Georgian?

19          MR. TAYLOR:  To be completely accurate, she

20  translated a prior iteration from which certain material --

21  one of the counts was removed, so there was nothing added, but

22  there was something taken away.

23          THE COURT:  Okay.

24          All right.  So for the defendant.  Did you read this

25  document, Court Exhibit 1, the plea agreement, carefully?

PROCEEDING                    39

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Did you review it with your attorney?

3          THE DEFENDANT:  I did, Your Honor.

4          THE COURT:  Do you believe you understand the entire

5    agreement?

6          THE DEFENDANT:  Yes, Your Honor, I do.

7          THE COURT:  Okay.

8          For the government.  Does Court Exhibit 1 contain

9    the entirety of any understanding the U.S. Attorney's Office

10   has reached with this defendant?

11         MR. MOSCOW:  It does, Your Honor.

12         THE COURT:  And for defense counsel.  Did you read

13   the entire plea agreement, Court Exhibit 1?

14         MR. TAYLOR:  Yes, Your Honor.

15         THE COURT:  And did you review it with your client?

16         MR. TAYLOR:  I did.

17         THE COURT:  And did you have the assistance of the

18   Georgian-speaking paralegal when you had that discussion?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Okay.

21         Does this plea agreement, Court Exhibit 1, contain

22   the entire understanding your client has entered into with the

23   U.S. Attorney's Office?

24         MR. TAYLOR:  It does.

25         THE COURT:  And were all formal plea offers conveyed

PROCEEDING                     40

1    to the defendant?

2              MR. TAYLOR:  Yes.

3              THE COURT:  All right.

4              For the defendant.  Is there anything in this

5    document, Court Exhibit 1, that you don't understand?

6              THE DEFENDANT:  There's nothing that I don't

7    understand, Your Honor.

8              THE COURT:  All right.  Other than the promises that

9    are contained in the written agreement, Court Exhibit 1, has

10   anyone made any other promises to you that have caused you to

11   plead guilty in this case?

12             THE DEFENDANT:  No one has offered me anything, Your

13   Honor.

14             THE COURT:  All right.  Has anyone threatened you to

15   get you to agree to this plea agreement?

16             THE DEFENDANT:  No one has threatened me to enter

17   into this plea.  I am entering this plea voluntarily, Your

18   Honor.

19             THE COURT:  Okay.

20             All right, so let's look at some parts of the plea

21   agreement in some extra detail.

22             So let's look first at paragraph 1 which covers what

23   the penalties are for the crimes to which it's proposed you're

24   going to plead guilty.

25             So it's proposed you're going to plead guilty to

PROCEEDING                           41

1   Count Two and Count Three of the indictment.  Just to remind

2   you, Count Two charges you with solicitation of violent

3   felonies, and Count Three charges you with the distribution of

4   information pertaining to the making and use of an explosive

5   device.  Those are both in violation of federal law.

6              With regard to the first count, solicitation of

7   violent felonies, the maximum term of imprisonment is 20 years

8   and the minimum term of imprisonment is zero years.

9              Do you understand that?

10             THE DEFENDANT:  Yes, Your Honor, I do.

11             THE COURT:  All right.  You should know there is no

12  parole in the federal system.  So if you are sentenced to a

13  term of imprisonment, you should expect that you will serve

14  all or almost all of that term of imprisonment in custody.

15             Do you understand that?

16             THE DEFENDANT:  I do understand, Your Honor.

17             THE COURT:  All right.  There's a provision for

18  supervised release.  The maximum supervised release term is

19  three years.  It would follow any term of imprisonment.  If a

20  condition of release were to be violated, you could be

21  sentenced for up to two years without credit for prerelease

22  imprisonment or time previously served on post-release

23  supervision.

24             If you're placed on supervised release, there could

25  be many restrictions on your liberty, including having to

PROCEEDING                               42

1    regularly report to a probation officer, limitations on

2    travel, and other restrictions.

3              Do you understand?

4              THE DEFENDANT:  I do understand, Your Honor.

5              THE COURT:  The maximum fine that can be imposed is

6    $125,000.

7              Do you understand that?

8              THE DEFENDANT:  I do, Your Honor.

9              THE COURT:  All right.  There's no restitution in

10   this case, but you do have to -- I'm sorry, no restitution for

11   this count, but you do have to be charged a hundred dollar

12   special assessment.

13             Do you understand that?

14             THE DEFENDANT:  I do, Your Honor.

15             THE COURT:  All right.  There also a provision here

16   for removal from the United States.  This is described in some

17   additional detail in paragraph 6 of the plea agreement.  Let's

18   just look at that briefly.

19             All right, in paragraph 6, it says:  The defendant

20   recognizes that pleading guilty may have consequences with

21   respect to the defendant's immigration status if the defendant

22   is not a citizen of the United States.

23             Under federal law, a broad range of crimes are

24   removable offenses, including the offenses to which the

25   defendant is pleading guilty.

PROCEEDING                          43

1          Indeed, because the defendant is pleading guilty to

2    soliciting violent felonies, and distribution of information

3    pertaining to the linking and use of an explosive device,

4    removal is presumptively mandatory.

5          Removal and other immigration consequences are the

6    subject of a separate proceeding, however, and the defendant

7    understands that no one, including the defendant's attorney or

8    the district court, can predict with certainty the effect of

9    the defendant's conviction on the defendant's immigration

10   status.

11         The defendant nevertheless affirms the defendant

12   wants to plead guilty, regardless of any immigration

13   consequences, the defendant's plea may entail, even if the

14   consequence is the defendant's automatic removal from the

15   United States.

16         Do you understand that provision?

17         THE DEFENDANT:  Yes, Your Honor, I do.

18         THE COURT:  Did you review it with your attorney?

19         THE DEFENDANT:  Yes, Your Honor.

20         THE COURT:  Okay.  Did you have a sufficient

21   opportunity to review it with your attorney?

22         THE DEFENDANT:  Yes, Your Honor.

23         THE COURT:  And is it correct that you do want to go

24   ahead with the change of plea, meaning that you're going to

25   enter a guilty plea, even though it may or is even likely that

PROCEEDING                44

1    you will be removed from the United States as a result of that

2    conviction?

3                THE DEFENDANT:  Yes, Your Honor, I understand that.

4                THE COURT:  Okay.  But is it true that you want go

5    ahead with the guilty plea, despite the possibility of very

6    serious immigration consequences, as described in paragraph 6

7    of the plea agreement?

8                THE DEFENDANT:  Yes, Your Honor.

9                THE COURT:  All right, I just want to make one point

10   clear.

11               The term of art, the term that's used is "automatic

12   removal from the United States".  But that does not mean that

13   you -- if convicted and required to serve a sentence, that you

14   would be removed from the United States before you served that

15   sentence.

16               Do you understand?

17               THE DEFENDANT:  Yes, Your Honor, I understand it.

18               THE COURT:  Okay.

19               All right, let's look at the possible sentencing

20   consequences with regard to the second count to which it's

21   proposed you're going to plead guilty.

22               The maximum term of imprisonment -- sorry, this is

23   for Count Three, the distribution of information pertaining to

24   making and use of explosive device.  The maximum term of

25   imprisonment is 20 years, the minimum term of imprisonment is

PROCEEDING                    45

1   zero years.

2          Do you understand?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  As I mentioned earlier, there's no

5   parole in the federal system, so if you are sentenced to a

6   term of imprisonment, you should expect that you will serve

7   all or almost all of that term of imprisonment in custody.

8          Do you understand?

9          THE DEFENDANT:  Yes, Your Honor.

10         THE COURT:  All right.  There's also a provision for

11  supervised release, as I mentioned earlier.  If you're placed

12  on supervised release, you could face many restrictions on

13  your liberty.

14         The maximum supervised release term is three years.

15  It would follow any term of imprisonment.  If you were to

16  violate a condition of release, you could be sentenced to up

17  to two years without credit for prerelease imprisonment or

18  time previously served on post-release supervision.

19         Do you understand that possible statutory penalty?

20         THE DEFENDANT:  Yes, Your Honor.

21         THE COURT:  All right.  The maximum fine that can be

22  imposed is $250,000.

23         Do you understand that?

24         THE DEFENDANT:  Yes, Your Honor.

25         THE COURT:  There's no restitution provision here,

PROCEEDING                                    46

1   but you do have to be charged a hundred dollar special

2   assessment.

3           Do you understand that?

4           THE DEFENDANT:  Yes, Your Honor.

5           THE COURT:  All right.  The additional penalties may

6   include removal from the United States, as described in

7   paragraph 6, which I previously read.

8           Do you understand that?

9           THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  All right.  And, again, do you agree

11  that you want to go ahead with this guilty plea, even though a

12  very likely consequence would be that you would be removed

13  from the United States?

14          THE DEFENDANT:  Yes, Your Honor, I understand it.

15          THE COURT:  All right.  You should also know, as

16  noted in the plea agreement, that the sentence imposed on each

17  count may run consecutively.  Meaning it may not run at the

18  same time, it may be that the sentence on one count starts,

19  finishes and then the sentence on the next count starts and

20  continues until it has finished.

21          Do you understand?

22          THE DEFENDANT:  Yes, Your Honor.

23          THE COURT:  Okay.

24          Did you review these possible statutory penalties

25  with your attorney?

PROCEEDING                          47

1          THE DEFENDANT:  Yes, Your Honor, I did review it

2    with my attorney.

3          THE COURT:  And did you have a sufficient

4    opportunity to do so?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  All right, let's talk about how the

7    sentencing process works.

8          The district judge does not have complete discretion

9    to impose a sentence outside of the statutory minimum and

10   maximum sentences set forth in the statute.

11         Do you understand?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  All right.  The sentencing process is a

14   multi-step process.  First the judge will consider what are

15   called "the advisory sentencing guidelines".  They were issued

16   by the United States Sentencing Commission to help the judge

17   determine what is a reasonable sentence in a criminal case.

18         Those guidelines are only advisory now, but they are

19   still an important consideration in sentencing, and the judge

20   will take them into account in determining what sentence to

21   give you.

22         Do you understand?

23         THE DEFENDANT:  Yes, Your Honor.

24         THE COURT:  Did you review the sentencing guidelines

25   with your attorney and how those guidelines may be calculated

PROCEEDING                          48

1    in your case?

2              THE DEFENDANT:  We did review this with my attorney,

3    Your Honor.

4              THE COURT:  With your lawyer?

5              THE DEFENDANT:  Right.

6              THE COURT:  Okay.

7              Then the judge will consider whether there are any

8    factors present that will allow the judge to depart from the

9    advisory sentencing guidelines.

10             THE DEFENDANT:  I understand this, Your Honor.

11             THE COURT:  And sometimes a judge may depart

12    upwardly, or sometimes a judge may depart downwardly.

13             Do you understand?

14             THE DEFENDANT:  Yes, Your Honor.

15             THE COURT:  Then the judge will also consider

16    factors that are described in a particular federal statute.

17    That statute is 18, United States Code, Section 3553(a).

18             THE DEFENDANT:  I understand this.

19             THE COURT:  All right.  The judge will weigh those

20    factors against the facts and circumstances of your case.  It

21    may be after this multi-step process the judge decides to

22    impose a sentence that's within the guidelines, or the judge

23    may decide to impose a sentence that's outside of the

24    guidelines.

25             Do you understand?

PROCEEDING                          49

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  All right.  The practical point for you

3   is that until the date of sentencing, you cannot know with

4   certainty what the sentencing guidelines will be for your

5   case.

6          Whether there will be grounds for the judge to

7   depart from them, whether the judge will impose a guideline

8   sentence or a non-guideline sentence.

9          Do you understand?

10         THE DEFENDANT:  Yes, Your Honor.

11         THE COURT:  In terms of the sentencing process,

12  prior to the sentencing hearing, the district judge will

13  receive a presentence report that has been prepared about you

14  by the Probation Department.  In that report, probation will

15  recommend a guidelines range.

16         You and your attorney will have the opportunity to

17  read that report, and you can challenge the facts in it as

18  reported by probation.

19         The government will also be able to comment --

20  review the report and comment on it.

21         Nonetheless, it's important for you to know what the

22  possible guidelines are in your case.  So in a moment I'm

23  going to ask the government to state what it believes the

24  sentencing guidelines are likely to be in your case.  This is

25  outlined in the plea agreement in paragraph 2, but you need to

PROCEEDING                          50

1   know what this calculation that the government's going to

2   provide is based on the information available now.

3           It could be that the government is missing

4   information.  It could be that information changes between now

5   and the time of sentencing.  It could be that the government

6   makes a mistake in its guidelines calculation.

7           Do you understand?

8           THE DEFENDANT:  Yes, Your Honor.

9           THE COURT:  All right.  For the government.  If you

10  can provide your guidelines calculation.

11          MR. MOSCOW:  Thank you, Your Honor.

12          Based on the defendant's timely plea, the government

13  anticipates moving pursuant to Section 3E1.1 -- 3E1.1(b) for

14  an additional point, which is set forth in paragraph 2, would

15  lead to a range of imprisonment of 168 to 210 months, assuming

16  that the defendant falls within Criminal History Category I,

17  which is what we believe at this time.

18          THE COURT:  All right.

19          Defense counsel, any comment on the guidelines

20  calculation as described by the government and set forth in

21  the plea agreement?

22          MR. TAYLOR:  No, Your Honor.

23          THE COURT:  All right.  And did you review these

24  calculations with your client?

25          MR. TAYLOR:  Yes, I did.

PROCEEDING                    51

1              THE COURT:  And do you agree he understands them?

2              MR. TAYLOR:  I do.

3              THE COURT:  All right.

4              For the defendant.  The agreement says that you

5    stipulate to the above guidelines calculation and waive any

6    right to an evidentiary hearing.  That's at the end of

7    paragraph 2 on page 4 of the plea agreement.

8              Is that a correct statement?

9              Yes?  No?

10             MR. TAYLOR:  Could you repeat the question, Your

11   Honor.

12             THE COURT:  Yes.

13             So the end of paragraph 2 says that you stipulate to

14   the above guidelines calculation and waive any right to an

15   evidentiary hearing.

16             Is that a correct statement?

17             THE DEFENDANT:  Yes, Your Honor.

18             THE COURT:  Okay.

19             All right, do you have any questions you need to ask

20   your attorney about the sentencing guidelines calculation

21   that's provided in the plea agreement?

22             THE DEFENDANT:  I don't have any questions, Your

23   Honor.

24             THE COURT:  Okay.

25             All right.  You should know the district judge is

PROCEEDING                           52

1    not bound by the plea agreement.  She's not bound by what the

2    government or your attorney estimate the sentencing guidelines

3    may be.  She won't be bound by what probation estimates the

4    sentencing guidelines to be.  Instead, the district judge can

5    sentence you according to her interpretation of the law.

6             Do you understand?

7             THE DEFENDANT:  Yes, Your Honor.

8             THE COURT:  And although the judge will consider the

9    sentencing guidelines as one factor in the determining what

10   your sentence will be, she has the authority under the law to

11   decide upon and impose a sentence that is the same as the

12   guidelines, more severe than the guidelines or less severe

13   than sentencing guidelines.

14            Do you understand that?

15            THE DEFENDANT:  Yes, Your Honor.

16            THE COURT:  All right.  Additionally, your plea

17   agreement includes an appellate waiver.  This is in

18   paragraph 4.  I'm just going to read the first sentence of

19   that the paragraph.  Although the whole paragraph is

20   important, I'm going to highlight this.

21            The defendant agrees not to file an appeal or

22   otherwise challenge by petition pursuant to 28, United States

23   Code, Section 2255, or any other provision, A, the conviction;

24   B, the incarceratory portion of the sentence in the event that

25   the court imposes a term of imprisonment of 235 months or

PROCEEDING                          53

1   below; C, the duration of supervised release, if it is less

2   than or equal to the statutory maximum; or D, any condition of

3   supervised release about which the defendant has notice prior

4   to sentencing and an opportunity to object.

5              THE DEFENDANT:  Yes, Your Honor.

6              THE COURT:  Do you understand that statement?

7              THE DEFENDANT:  I do, Your Honor.

8              THE COURT:  And do you agree with it?

9              THE DEFENDANT:  I agree with it, Your Honor.

10             THE COURT:  Did you have a sufficient opportunity to

11  review the appellate waiver with your attorney?

12             THE DEFENDANT:  I have -- I did speak with my

13  attorney.  We discussed it already.

14             THE COURT:  Did you have enough time and opportunity

15  to do so?

16             THE DEFENDANT:  Yes, Your Honor.

17             THE COURT:  Okay.

18             All right, so just going back to the overall plea

19  agreement, which is marked as Court Exhibit 1.

20             Did you read this entire document in English?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  Do you understand the entire document is

23  written in English?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  Did you have a sufficient opportunity to

PROCEEDING                54

1   review this entire document, Court Exhibit 1, with your

2   attorney?

3            THE DEFENDANT:  Yes, Your Honor.

4            THE COURT:  And did you, in fact, review the entire

5   agreement, Court Exhibit 1, with your attorney?

6            THE DEFENDANT:  Yes, Your Honor.

7            THE COURT:  Do you have any questions about it?

8            THE DEFENDANT:  I don't know any questions, Your

9   Honor.

10           THE COURT:  Do you agree with everything it says in

11   the plea agreement?

12           THE DEFENDANT:  I agree with everything it says in

13   the plea agreement, Your Honor.

14           THE COURT:  Okay.

15           All right, so are you ready to plead?

16           THE DEFENDANT:  Yes, Your Honor.

17           THE COURT:  All right, let me ask your lawyer a

18   couple of questions first.

19           Counsel, do you know any reason why the defendant

20   should not plead guilty to the two charges, to which it's

21   proposed he's going to plead guilt, Count Two and Three of the

22   indictment?

23           MR. TAYLOR:  I do not.

24           THE COURT:  Are you aware of any viable legal

25   defense to these charges?

PROCEEDING                          55

1              MR. TAYLOR:  No, Your Honor.

2              THE COURT:  In your professional opinion, is it in

3    his best interest to proceed with the proposed guilty plea?

4              MR. TAYLOR:  Yes, Your Honor.

5              THE COURT:  And in your professional opinion, is it

6    in his best interest to enter that guilty plea pursuant to the

7    plea agreement that I've marked as Court Exhibit 1?

8              MR. TAYLOR:  Yes, Your Honor.

9              THE COURT:  And just to return to something we were

10   talking about at the beginning.  Do you have any concerns with

11   regard to his mental health and his ability to fully

12   participate in this plea -- change of plea hearing?

13             MR. TAYLOR:  No, Judge, I do not.

14             THE COURT:  And did you review with him the possible

15   immigration consequences of a conviction?

16             MR. TAYLOR:  Yes, I did.

17             THE COURT:  And do you believe he understood

18   everything you said with regard to these matters?

19             MR. TAYLOR:  Yes, he understands.

20             THE COURT:  Okay.

21             For the defendant.  Do you need an opportunity to

22   speak with your attorney before you enter your plea?

23             THE DEFENDANT:  I have an opportunity to speak with

24   my attorney.

25             THE COURT:  Okay.  Do you want another chance to

PROCEEDING                                56

1    talk with him before we go to the next stage of this?

2              THE DEFENDANT:  No, I don't.

3              THE COURT:  Okay.

4              All right, so what's proposed here, again, is that

5    you're going to plead guilty to Count Two and Three of the

6    indictment, which charges you with a violation of federal law,

7    18, United States Code, Sections 373 and 842(p)(2)(A).

8              So with regard to Count Two of the indictment,

9    solicitation of violent felonies, how do you plead, guilty or

10   not guilty?

11             THE DEFENDANT:  Count Two, Your Honor?

12             THE COURT:  Yes, I'm going to ask you as to each of

13   them separately.  So looking at the indictment, Count Two is

14   solicitation of violent felonies.

15             So do you know the count I'm talking about?

16             THE DEFENDANT:  Yes, Your Honor.

17             I'm pleading guilty to Count Two.

18             THE COURT:  Okay.

19             And then Count Three of the indictment is

20   distribution of information pertaining to the making and use

21   of an explosive device.

22             How do you plead with regard to that count, guilty

23   or not guilty?

24             THE DEFENDANT:  I'm pleading guilty, Your Honor.

25             THE COURT:  Okay.

PROCEEDING                          57

1          So then going back to some answer earlier.  I have

2     to ask you what it is that you did such that you are, in fact,

3     guilty of these two counts.

4          So in your own words, please tell me what is it that

5     you did.

6          THE DEFENDANT:  Between July 2022 and July 2024, I

7     use the internet platforms to communicate with other --

8          THE COURT:  Sorry, we're having a little problem

9     with the mic.  Just...

10         Sorry to interrupt you.  Do you mind just try your

11    attorney's.  I'm not sure what happened.

12         THE DEFENDANT:  Between July 2022 and July 2024, I

13    used the internet platforms to communicate with another person

14    to try to persuade him to commit violent hate crimes, which I

15    am causing bodily injury to people because of their race,

16    color or religion in Brooklyn.

17         I distributed the information about making bombs

18    over the internet.  When I distributed that information, my

19    goal was to persuade others to commit violent hate crimes and

20    further crimes involving explosives.

21         I acted intentionally and take full responsibility

22    for my actions.  And I would like to apologize to those

23    communities.

24         THE COURT:  Okay.

25         All right, defense counsel, is there anything else

PROCEEDING                        58

1    you with like your client to add to that allocution?

2              MR. TAYLOR:  No, Judge.

3              THE COURT:  For the government.  Is that a

4    satisfactory allocution?

5              MR. MOSCOW:  I believe it is covered, Your Honor,

6    but in an abundance of caution, the defendant, when he sought

7    to persuade the other person to commit what he described as

8    violent hate crime acts, the violence that involved the use,

9    attempted use or threatened use of physical force against the

10   person or property of another, under circumstances certainly

11   corroborative of that intent, I don't imagine that the defense

12   has any objection to just including that.

13             MR. TAYLOR:  No, we don't.

14             And I believe that he stated that it was his

15   intention to cause bodily injury to people.

16             MR. MOSCOW:  With that, Your Honor --

17             THE COURT:  Was there something that you thought was

18   missed?

19             MR. MOSCOW:  No, Your Honor.  Particularly, no.

20   We're comfortable -- I don't believe that -- I believe what he

21   said was satisfactory in the first instance.  Under

22   circumstances certainly corroborative of his intent is likely

23   met by his specifically allocuting to his intent, but either

24   way we're satisfied, Your Honor.

25             THE COURT:  All right.

PROCEEDING                                    59

1          For the defendant.  Do you understand the

2    stipulation that your attorney agreed to on your behalf?

3          Sorry, you have switch the microphone.  Sorry about

4    the problem.  And now it's working, I don't know.

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  All right.

7          And do you agree with what your attorney said?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  All right.  Let me ask you a few other

10   questions.

11         Are you entering these pleas of guilty to Count Two

12   and Three of the indictment voluntarily and of your own free

13   will?

14         THE DEFENDANT:  Yes, Your Honor.

15         THE COURT:  Has anyone threatened or forced you to

16   plead guilty?

17         THE DEFENDANT:  No one has threatened or forced me

18   to plead guilty.

19         THE COURT:  Other than the promises that are made in

20   the plea agreement, which I've marked as Court Exhibit 1, has

21   anyone made any other promises to you that have caused you to

22   plead guilty?

23         THE DEFENDANT:  No one has made me any promises,

24   Your Honor.

25         THE COURT:  All right.  Has anyone promised you what

PROCEEDING                          60

1    sentence you would receive from the district judge if you were

2    to enter a guilty plea?

3              THE DEFENDANT:  No one promised me any sentence,

4    Your Honor.

5              THE COURT:  All right.  And do you still want to go

6    ahead with this guilty plea to Counts Two and Three of the

7    indictment, despite the fact that it is very likely that a

8    conviction in this case will result in serious immigration

9    consequences, including your removal from the United States?

10             THE DEFENDANT:  Yes, Your Honor.

11             THE COURT:  All right.

12             Anything else that counsel wants to add to the

13   record here?

14             MR. MOSCOW:  Nothing from the government, Your

15   Honor.

16             MR. TAYLOR:  No, Your Honor.

17             THE COURT:  All right.  Based on the information

18   provided to me by the government and defense counsel and by

19   the defendant, I believe the defendant is the acting

20   voluntarily; that he fully understands the charges against

21   him; that he understands his rights; and that he understands

22   the consequences of his plea.

23             I also believe he is physically and mentally capable

24   of participating in today's plea hearing and entering a

25   knowing and voluntary plea.

PROCEEDING                              61

1          I believe there's a factual basis for Counts Two and

2     Three of the indictment in the record, so I therefore

3     respectfully recommend to the district judge that she accept

4     the defendant's guilty plea to these two counts.

5          All right, let's talk a little bit about the

6     logistics.  I'm going to give the government the original plea

7     agreement, which I just noticed is dated November 17th, 2025.

8     The government can hold on to that and provide defense counsel

9     with a copy of the fully executed agreement.

10          And then the sentencing is currently set for

11     March 9th, 2026 at 10 a.m.  This is before the district judge.

12          If there is any reason that that sentencing date

13     should change, you should be in touch with Judge Amon's

14     chambers about the scheduling issue.

15          As I mentioned earlier --

16          Do you have any questions?

17          THE DEFENDANT:  No, Your Honor.

18          THE COURT:  As I mentioned earlier, there's going to

19     be a report prepared about the defendant in connection with

20     the Probation Department's review of the matter.

21          So, defense counsel, do you want us to let probation

22     know that you would like to be part of the interview process?

23          MR. TAYLOR:  Yes, please, Judge.

24          THE COURT:  All right, we'll provide that to

25     probation.

PROCEEDING                              62

1           All right, the defendant's in custody.  Anything

2    that should change in that regard?

3           MR. TAYLOR:  No, Your Honor.

4           THE COURT:  Just making sure.  No?

5           No applications?

6           MR. TAYLOR:  No applications, Your Honor.

7           THE COURT:  Okay.  All right.

8           Anything else that we should cover here today?

9           MR. MOSCOW:  Nothing else from the Government, Your

10   Honor.  Thank you.

11          MR. TAYLOR:  And nothing from Mr. Chkhikvishvili,

12   Your Honor.

13          THE COURT:  Okay.

14          All right.  We're done.

15          Thanks, everybody.  Thanks to the interpreter.

16

17               *     *     *     *     *

18

19          I certify that the foregoing is an accurate

20   transcript from the official electronic sound recording of the

21   proceedings in the above-entitled matter.

22       s/ Linda D. Danelczyk              November 24, 2025
23        LINDA D. DANELCZYK                DATE

24

25

LINDA D. DANELCZYK, RPR, CSR, CCR